UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KARPUS MANAGEMENT INC., Individually and on Behalf of a Class of Similar Plaintiffs, | ) ) ) ) | Case No. 1:07-CV-01716 |
| Plaintiffs, | ) ) | Judge Gwin |
| v. | ) ) | Magistrate Judge Gallas |
| BRANTLEY CAPITAL CORP., ROBERT P. PINKAS, MICHAEL J. FINN, PAUL H. CASCIO, TAB KEPLINGER, SHAWN WYNNE, and John Does #1-10, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE**

This matter having come before the Court for hearing, pursuant to the Order of this Court, dated October 17, 2007, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of October 15, 2007 ("Stipulation"), and due and adequate notice having been given the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

     1.    This Judgment hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Settlement Class.

3. There were no objections to the settlement except for the objection of class member Barbara Strougo, who has withdrawn her objection. Class Member Barbara Strougo's voluntary withdrawal of her objection to the Settlement is hereby approved pursuant to Fed R. Civ. P. 23(e)(4)(B).

4. This action is properly and finally certified as a class action for purposes of settlement under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, with the Settlement Class defined as all persons who purchased the common stock of Brantley Capital Corp. ("Brantley") during the period beginning August 1, 2002, through and including October 24, 2005, excluding Defendants, members of their immediate families, and their legal representatives, heirs, successors, or assigns and any entity in which a Defendant has or had a controlling interest. No class members requested exclusion from the Settlement Class.

5. The Court finds that (1) the members of the Settlement Class are so numerous that joinder of all members is impracticable; (ii) there are questions of law and fact common to the Settlement Class, including _inter alia_, whether alleged statements by the Defendants were materially false or misleading and made with _scienter_, and whether allegedly false or misleading statements artificially inflated the market price of Brantley common stock during the Settlement Class Period; (iii) the claims of the Lead Plaintiff as asserted in its complaint are typical of the claims of the Settlement Class; (iv) the Lead Plaintiff has retained experienced and competent counsel and has fairly and adequately protected the interests of the Settlement Class; (v) the questions of law and fact common to the Settlement Class predominate over any questions

affecting only individual members of the Settlement Class; and (vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class.

7.      This Court hereby dismisses the Litigation and all claims contained therein, as well as all Released Claims, on the merits and with prejudice and without costs (except as otherwise provided in the Stipulation) as against the Defendants.

8.      The parties to the Stipulation are hereby directed to consummate the settlement in accordance with the terms of the Stipulation.

9.      Upon the Effective Date, Lead Plaintiff and each of the Settlement Class Members (i) shall conclusively be deemed to have, and by operation of the Judgment shall have, (a) fully, finally and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not the Settlement Class Member has executed and delivered the Proof of Claim and Release, and (b) covenanted not to sue the Released Persons with respect to any Released Claims, and (ii) shall be permanently barred, enjoined and restrained from instituting, commencing, prosecuting or asserting any of the Released Claims, in any capacity, against any of the Released Persons.

10.     Upon the Effective Date, all Persons shall be permanently barred, enjoined, and restrained from instituting, commencing, prosecuting or asserting any claim for contribution, however denominated (including but not limited to any claim for breach of contract or misrepresentation), against the Released Persons (or any other claim against the Released Persons where the alleged injury to such Person is such Person's actual or threatened liability to

the Settlement Class or any Settlement Class Member), based upon, relating to, or arising out of the Released Claims, and all such claims shall be deemed extinguished, discharged, satisfied, and unenforceable.  Any person so enjoined, barred, or restrained shall be entitled to appropriate judgment reduction.  In addition, this Judgment bars all claims by any Released Person against all Persons for contribution, however denominated (including any claim for breach of contract or misrepresentation), seeking recovery of all or part of the Settlement Fund, and all such claims shall be deemed extinguished, discharged, satisfied, and unenforceable.

11. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged each and all of the Settlement Class Members and Lead Counsel to the Lead Plaintiff from all claims (including "Unknown Claims"), arising out of, relating to, or in connection with the institution, prosecution, assertion or resolution of the Litigation or the Released Claims.

12. The Notice of Pendency of Class Action, Proposed Settlement of Class Action, and Settlement Hearing (the "Notice") given to the Settlement Class was the best notice practicable under the circumstances, including individual notice to all members of the Settlement Class who could be identified through reasonable effort.  The Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such Notice, and said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act, the Constitution of the United States and any other applicable law.

13. Neither the Plan of Allocation nor any order entered regarding any attorneys' fee and expense application shall in any way affect this Final Judgment; both of them shall be considered separate from this Judgment.

4

14. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and/or their respective Related Parties may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and expenses (including fees and costs of experts and/or consultants) in the Litigation; and (d) all parties hereto for the purpose of enforcing and administering the Stipulation.

16. The Settlement shall not be deemed to constitute an admission of liability or wrongdoing on the part of any of the Defendants.

17. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

18. In the event the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or the Settlement Fund or any portion thereof is returned to the payors, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: January 4, 2008

s/ James S. Gwin
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE